| | |
|---|---|
| Timothy P. Fox – Cal. Bar No. 157750<br>Sarah M. Morris*<br>CIVIL RIGHTS EDUCATION AND<br>ENFORCEMENT CENTER<br>104 Broadway, Suite 400<br>Denver, CO 80203<br>(303) 757-7901<br>tfox@creeclaw.org<br>smorris@creeclaw.org | Bill Lann Lee – Cal Bar. No. 108452<br>Julie Wilensky – Cal. Bar No. 271765<br>Joshua Davidson – Cal. Bar No. 275168<br>LEWIS, FEINBERG, LEE,<br>RENAKER & JACKSON, P.C.<br>476 9th Street<br>Oakland, CA 94612<br>(510) 839-6824<br>blee@lewisfeinberg.com<br>jwilensky@lewisfeinberg.com<br>mcaesar@lewisfeinberg.com |
| Julia Campins – Cal. Bar No. 238023<br>Hillary Benham-Baker – Cal. Bar No. 265019<br>CAMPINS BENHAM-BAKER, LLP<br>8 California #703<br>San Francisco, CA 94111<br>(415) 373-5333<br>julia@cbbllp.com<br>hillary@cbbllp.com | Kevin W. Williams*<br>COLORADO CROSS-DISABILITY<br>COALITION<br>655 Broadway #775<br>Denver, CO 80203<br>(303) 839-1775<br>kwilliams@ccdconline.org |

*Pro hac vice application forthcoming

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| THE CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER, on behalf of itself, and ANN CUPOLO-FREEMAN, RUTHEE GOLDKORN, and KENNETH KILGORE, on behalf of themselves and a proposed class of similarly situated persons defined below,<br><br>Plaintiffs,<br><br>v.<br><br>HOSPITALITY PROPERTIES TRUST,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

- 1 –
COMPLAINT                                                                                           CASE NO. _____

Plaintiffs, the Civil Rights Education and Enforcement Center ("CREEC"), on behalf of itself, and Ann Cupolo-Freeman, Ruthee Goldkorn, and Kenneth Kilgore on behalf of themselves and a proposed class defined below, by and through undersigned counsel, file their Class Action Complaint for Declaratory and Injunctive Relief and respectfully allege as follows:

## INTRODUCTION

1. For more than 20 years, the Americans with Disabilities Act has required hotels that provide transportation services to their guests to provide equivalent accessible transportation services to guests who use wheelchairs or scooters.

2. Nevertheless Defendant Hospitality Properties Trust ("HPT") – which owns and/or operates approximately 288 hotels spread among more than 40 states – has repeatedly failed to provide wheelchair-accessible transportation in hotels that provide transportation to nondisabled guests.

3. As a result, while HPT's nondisabled guests staying at these hotels can take advantage of airport shuttle services and transportation services to areas near the hotel, guests who use wheelchairs or scooters are denied these services. This action is limited to HPT's violations of state and federal requirements governing accessible transportation, including for example purchase and lease of accessible vehicles and provision of accessible transportation.

4. Plaintiffs seek declaratory and injunctive relief establishing that HPT has engaged in violations of the ADA and California state law, and requiring HPT to comply with these statutes by providing wheelchair-accessible transportation services that are equivalent to the transportation services provided to nondisabled guests at HPT's hotels.

## JURISDICTION AND VENUE

5. Plaintiffs' claims arise under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"), and the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* ("the Unruh Act").

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to its supplemental jurisdiction over Plaintiffs' claims brought under the laws of the State of California. This Court has jurisdiction over Plaintiffs' claims for

declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

**INTRADISTRICT ASSIGNMENT**

8. This action arises in part in San Mateo County and thus is properly assigned to the San Francisco/Oakland Division.

**PARTIES**

9. Plaintiff the Civil Rights Education and Enforcement Center ("CREEC") is a nationwide civil rights membership organization based in Denver, Colorado whose mission includes, among other purposes, ensuring that persons with disabilities participate in our nation's civic life without discrimination, including in the opportunity to benefit from the services provided by hotels.

10. Plaintiff Ann Cupolo-Freeman is a member of CREEC and is and has been at all relevant times a resident of the State of California. Plaintiff Cupolo-Freeman has diastrophic dysplasia and uses a motorized wheelchair for mobility. She has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Because Ms. Cupolo-Freeman requires a wheelchair-accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal and state requirements governing provision of accessible transportation services to hotel guests. She is also a tester in this litigation.

11. Plaintiff Ruthee Goldkorn is a member of CREEC and is and has been at all times material hereto a resident of the State of California. Plaintiff Goldkorn has multiple sclerosis and uses a power wheelchair for mobility. She has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Because Ms. Goldkorn requires a wheelchair-accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal and state requirements governing provision of accessible transportation services to hotel guests. She is also a tester in this

1 litigation.

2   12.   Plaintiff Kenneth Kilgore is a member of CREEC and is and has been at all times material hereto a resident of the State of California. Plaintiff Kilgore is a quadriplegic who uses a wheelchair for mobility. He has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Because Mr. Kilgore requires a wheelchair-accessible vehicle in order to utilize transportation services offered by hotels, he has a personal interest in ensuring that hotels comply with federal and state requirements governing provision of accessible transportation services to hotel guests. He is also a tester in this litigation.

13.   Defendant HPT is an investment trust incorporated in Maryland, with its principal place of business at Two Newton Place, 255 Washington Street, Suite 300, Newton, Massachusetts. HPT is a publicly traded real estate investment trust. HPT owns and/or operates hotels throughout the United States, including approximately 35 hotels in the State of California.

## FACTS APPLICABLE TO ALL CLAIMS

14.   Defendant HPT owns and/or operates the Staybridge Suites San Francisco Airport located in San Bruno, CA, a hotel that provides its guests with a shuttle service to and from the San Francisco International Airport and at least one Bay Area Rapid Transit station.

15.   On or about October 22, 2014, Plaintiff Kilgore telephoned the Staybridge Suites San Francisco Airport hotel and asked if it provided wheelchair-accessible shuttle services. He was informed that the hotel does not offer wheelchair-accessible shuttle services.

16.   Had Plaintiff Kilgore been informed that the hotel did provide wheelchair-accessible shuttle services, he intended to stay at the hotel and to use those services. He was deterred from doing so by the hotel's lack of wheelchair-accessible shuttle services.

17.   Plaintiff Kilgore would like to stay at the Staybridge Suites San Francisco Airport in the future and use the hotel's transportation services, and will do so if he calls and is told that such accessible services exist.

18.   Defendant HPT owns and/or operates the Country Inn & Suites by Carlson Sunnyvale located in Sunnyvale, CA, a hotel that provides its guests with a shuttle to and from

the San Jose International Airport, in addition to a local shuttle service to business parks within a five-mile radius of the hotel.

19. On or about October 28, 2014, Plaintiff Cupolo-Freeman telephoned the Country Inn & Suites by Carlson Sunnyvale and asked if it provided wheelchair-accessible shuttle services. She was informed that the hotel does not offer wheelchair-accessible shuttle services.

20. Had Plaintiff Cupolo-Freeman been informed that the hotel did provide wheelchair-accessible shuttle services, she intended to stay at the hotel and to use those services. She was deterred from doing so by the hotel's lack of wheelchair-accessible shuttle services.

21. Plaintiff Cupolo-Freeman would like to stay at the contact the Country Inn & Suites by Carlson Sunnyvale in the future and use the hotel's transportation services, and will do so if she calls and is told that such accessible services exist.

22. Defendant HPT owns and/or operates the Residence Inn San Diego Downtown located in San Diego, CA, a hotel that provides its guests with a local shuttle service within a three-mile radius of the hotel, including to and from San Diego International Airport.

23. On or about October 17, 2014, Plaintiff Goldkorn telephoned the Residence Inn San Diego Downtown and asked if it provided wheelchair-accessible shuttle services. She was informed that the hotel does not offer wheelchair-accessible shuttle services.

24. Had Plaintiff Goldkorn been informed that the hotel did provide wheelchair-accessible shuttle services, she intended to stay at the hotel and to use those services. She was deterred from doing so by the hotel's lack of wheelchair-accessible shuttle services.

25. Plaintiff Goldkorn would like to stay at the Residence Inn San Diego Downtown in the future and use the hotel's transportation services, and will do so if she is told that such accessible services exist.

26. On information and belief, HPT owns and/or operates a number of other hotels in the United States that offer transportation services to their guests but do not offer equivalent transportation services to guests who use wheelchairs or scooters. These hotels include, without limitation:

   A. Radisson Hotel Phoenix Airport, 427 N 44th St., Phoenix, AZ

B. Hyatt Place Tempe/Phoenix Airport, 1413 W Rio Salado Pkwy., Tempe, AZ

C. Staybridge Suites Ft. Lauderdale – Plantation, 410 N Pine Island Rd., Plantation, FL

D. Residence Inn Atlanta Alpharetta/North Point Mall, 1325 North Point Dr., Alpharetta, GA

E. Staybridge Suites Atlanta Perimeter Center, 4601 Ridgeview Rd., Atlanta, GA

F. Wyndham Atlanta Galleria, 6345 Powers Ferry Rd. NW, Atlanta, GA

G. Hyatt Place Atlanta/Duluth/Gwinnett Mall, 3530 Venture Pkwy., Duluth, GA

H. Country Inn & Suites by Carlson Naperville, 1837 Centre Point Cir., Naperville, IL

I. Hawthorn Suites by Wyndham Chicago – Schaumburg, 1200 Bank Dr., Schaumburg, IL

J. Candlewood Suites Dallas – By the Galleria, 13939 Noel Rd., Dallas, TX

K. Hyatt Place Dallas – North/By the Galleria, 5229 Spring Valley Rd., Dallas, TX

L. Wyndham Dallas Suites – Park Central, 7800 Alpha Rd., Dallas, TX

M. Staybridge Suites Herndon - Dulles, 13700 Coppermine Rd., Herndon, VA

27. On information and belief, after August 25, 1990, HPT has purchased or leased vehicles for use on fixed-route and/or demand-responsive transportation systems in place at its hotels.

28. CREEC brings this action based on associational standing on behalf of its members. CREEC's members – including Mr. Kilgore, Ms. Goldkorn, and Ms. Cupolo-Freeman – include persons with disabilities who use wheelchairs or scooters for mobility, who would like to stay at HPT hotels and use their transportation services, but have been deterred and prevented from doing so by the failure of those hotels to provide equivalent, wheelchair-accessible transportation services. Because CREEC seeks only declaratory and injunctive relief, individual participation of CREEC members is not required.

29. Prior to filing this litigation, attorneys from CREEC wrote to HPT, explaining that many of its hotels are in violation of the transportation provisions of the ADA and state law, and

requesting that it bring its hotels into compliance with these statutes.  HPT did not respond to this letter.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs Cupolo-Freeman, Goldkorn, and Kilgore (the "Representative Plaintiffs") bring this action on behalf of themselves and on behalf of a class defined as follows: individuals who use wheelchairs or scooters for mobility who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by HPT because of the lack of equivalent accessible transportation services at those hotels.

31. Joinder of all members of the proposed class would be impracticable because, without limitation, the class consists of numerous individuals who are geographically diverse, these individuals are very difficult to identify and they are unlikely to be able to bring individual suits.

32. There are numerous common questions of law and fact, including but not limited to:

   A. Whether Defendant HPT is a "private entity[y] . . . not primarily engaged in the business of transporting people";
   B. Whether hotels owned and/or operated by Defendant HPT provide fixed-route and/or demand-responsive transportation systems;
   C. Whether Defendant HPT has purchased or leased any vehicles after August 25, 1990 for use on fixed-route or demand-responsive systems, and if so, the seating capacity of those vehicles;
   D. Whether Defendant HPT's transportation vehicles are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs; and
   E. Whether Defendant HPT has ensured that the transportation system in place at each hotel, when viewed in its entirety, meets the equivalent service requirements of 49 C.F.R. part 37.

//

33. The claims of the Representative Plaintiffs are typical of the claims of the class because they arise from the same course of conduct engaged in by Defendant HPT, are based on the same alleged violations of the same statutes and regulations, and seek the same relief.

34. The Representative Plaintiffs will fairly and adequately represent the interests of the class. The Representative Plaintiffs have no interests adverse to the interests of other members of the class. Further, the attorneys they have retained include counsel who have been appointed as class counsel in, and have successfully litigated, numerous disability rights class actions across the country.

35. Finally, certification under Rule 23(b)(2) is proper here because Defendant HPT has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

## **FIRST CLAIM FOR RELIEF**
**Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181** *et seq.*

36. Plaintiffs incorporate by reference each and every allegation herein.

37. Title III requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

38. Hotels that provide fixed-route transportation services to guests must comply with the following requirements:

    A. For all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible;

    B. For all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must be either wheelchair-accessible or equivalent service must be provided.

39. Hotels that provide on-demand transportation services to guests must either provide wheelchair-accessible vehicles or ensure that equivalent service is provided.

40. Defendant HPT owns and/or operates "an inn, hotel, motel, or other place of lodging," which is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(A), and is also a "private entit[y] not primarily engaged in the business of transporting people" pursuant to 49 C.F.R. part 37.

41. Defendant HPT has engaged in illegal disability discrimination, as defined by Title III, including without limitation, by failing to ensure that transportation vehicles in use at its hotels are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

42. Defendant HPT's ongoing and continuing violations of Title III have caused, and in the absence of an injunction will continue to cause, harm to the plaintiffs and the class.

**SECOND CLAIM FOR RELIEF**
**Unruh Civil Rights Act, Cal. Civ. Code, § 51, *et seq*., and the Unruh Act's Incorporation of the ADA**

43. Plaintiffs incorporate by reference each and every allegation herein.

44. Defendant HPT's hotels are business establishments and, as such, must comply with the provisions of the Unruh Act.

45. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

46. A violation of the ADA, the DOJ Standards, or Title 24 is also a violation of the Unruh Act.

47. Defendant HPT has violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiffs' and class members' rights to the full and equal accommodations, advantages, facilities, privileges, or services offered at Defendant's business establishments, specifically the transportation services offered at Defendant's hotels.

48. Defendant has also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs' and class members' rights to equal access arising from the provisions of the ADA.

49. Defendant HPT's ongoing and continuing violations of the Unruh Act have caused, and in the absence of an injunction will continue to cause, harm to the plaintiffs and the class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment as follows:

1. A declaration that Defendant HPT's conduct as alleged here has violated, and continues to violate, Title III of the Americans with Disabilities Act of 1990 and the Unruh Civil Rights Act, as well as their implementing regulations;

2. Issuance of a permanent injunction requiring Defendant HPT to comply with the ADA and the Unruh Act;

3. Award of Plaintiffs' reasonable attorneys' fees and costs, as provided by law; and

4. Such other additional or alternative relief as the Court finds just and proper.

Dated: January 15, 2015                                 Respectfully Submitted,


By:     /s/ Timothy P. Fox

Timothy P. Fox – Cal. Bar No. 157750
Sarah M. Morris*
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
104 Broadway, Suite 400
Denver, CO 80203
(303) 757-7901
tfox@creeclaw.org
smorris@creeclaw.org

Bill Lann Lee – Cal Bar. No. 108452
Julie Wilensky – Cal. Bar No. 271765
Joshua Davidson – Cal. Bar No. 275168
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
476 9th Street

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Oakland, CA 94612
(510) 839-6824
blee@lewisfeinberg.com
jwilensky@lewisfeinberg.com
mcaesar@lewisfeinberg.com

Julia Campins – Cal. Bar No. 238023
Hillary Benham-Baker – Cal.Bar No. 265019
CAMPINS BENHAM-BAKER, LLP
8 California #703
San Francisco, CA 94111
(415) 373-5333
julia@cbbllp.com
hillary@cbbllp.com

Kevin W. Williams*
COLORADO CROSS-DISABILITY COALITION
655 Broadway #775
Denver, CO 80203
(303) 839-1775
kwilliams@ccdconline.org

*Pro hac vice application forthcoming

*Attorneys for Plaintiffs and the Proposed Class*

COMPLAINT                                                                                           CASE NO. _____